**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2644-18T3

YUSUF IBRAHIM,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted January 16, 2020 – Decided February 4, 2020

Before Judges Nugent and Suter.

On appeal from the New Jersey Department of Corrections.

Yusuf Ibrahim, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Yusuf Ibrahim is an inmate at the New Jersey State Prison. He appeals a final administrative determination of the Department of Corrections (DOC) filed on January 2, 2019 finding him guilty of prohibited act *.004, fighting with another person, and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility. See N.J.A.C. 10A:4-4.1(a). We affirm.

A fight broke out in the recreation deck of the prison involving appellant and another inmate. Appellant claimed he acted in self-defense because the other inmate "grabbed my jacket" and "punched me in the face repeatedly." He then took off his jacket and "stepped up to [the other inmate] proactively defending myself from the impending onslaught."

The recreation area officer reported appellant walked up to the other inmate "and began to physically assault [him] by striking him multiple times with his forehead." Both inmates exchanged blows. A "code 33 (emergency)" was called and all the inmates in the recreation area were ordered "to stand against the walls . . . . [Appellant and the other inmate] ignored the command and continued to physically assault each other." When the fight was stopped the recreation area had to be searched for "signs of fire, contraband or escape[.]" None was found. This took twenty-three minutes.

The next day appellant was charged with prohibited act *.004, fighting with another person, and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility. He pleaded not guilty to the charges and was granted the assistance of counsel substitute. At the hearing, his position was "I had no choice. [The other inmate] started it." Appellant alleged there was no disruption to the prison that warranted sanctions.

A disciplinary hearing was conducted on December 18, 2018. His counsel substitute viewed the videotape of the incident, but appellant "declined [the] opportunity to view [it]." Appellant called no witnesses at the hearing and did not request to cross-examine any adverse witness.

The hearing officer found appellant guilty of both charges. After reviewing the videotape, the hearing officer summarized it. The inmates were arguing and the other inmate, not appellant, "[threw] the first punch, initiating the fight." Appellant took off his shirts, called back the other inmate and they "square up" and started fighting again. The hearing officer described that they "[took] several breaks in between" until officers arrived and "order[ed] them to the ground." Appellant "complie[d]," but the other inmate "attempt[ed] to kick him" and appellant "[got] up to avoid further confrontation."

In finding appellant guilty on prohibited act *.004, the hearing officer found appellant "had several opportunities to retreat, but did not." For prohibited act *.306, the hearing officer found the "yard had to be cleared . . . [and] searched for possible contraband. This process took approximately [twenty-three minutes.]" This "shortened the [inmates'] recreation time [and] thereby disrupted the orderly/normal running of the institution . . . ." Appellant was sanctioned to a combined 120 days of administrative segregation, 120 days loss of commutation time and 120 days of loss of recreation privileges.

Appellant filed an administrative appeal. Substitute counsel's written argument in support of the appeal continued to claim self-defense to the *.004 finding. He also disputed the *.306 finding because this was a "simple fist fight," no weapons were involved, the delay was slight, the regulation did not clearly specify what conduct was prohibited and that it was applied in an arbitrary and capricious fashion.[1]

On January 2, 2019, the Associate Administrator upheld the decision of the hearing officer on both charges because it was "based on substantial evidence and the sanction was proportionate in view of [his] prior disciplinary history."

---

[1] On appeal, appellant relies on these arguments.

On appeal, appellant raises two points:

POINT I

ALL THE ELEMENTS NECESSARY FOR A CLAIM OF SELF-DEFENSE ARE PRESENT.

POINT II

DUE PROCESS WAS VIOLATED WHEN I WAS DENIED THE OPPORTUNITY TO REVIEW THE CAMERA FOOTAGE WHICH WAS CENTRAL TO MY CONSTRUCTION OF A DEFENSE TO THE CHARGES.

In this appeal from agency action, our review is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We ordinarily decline to reverse the decision of an administrative agency unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 581 (1980)). A finding that an inmate committed a disciplinary offense only has to be "supported by substantial evidence," Avant v. Clifford, 67 N.J. 496, 530 (1975), which means, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)); see also N.J.A.C. 10A:4-9.15(a). When such evidence exists, a court may not substitute its own judgment for the agency's

even though the court may have reached a different result. See Figueroa, 414 N.J. Super. at 191 (citing Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009)). When reviewing a final determination of the DOC in a prisoner disciplinary matter, we consider whether there is substantial evidence the inmate has committed the prohibited act and whether, in making its decision, the DOC followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-98 (1995).

We reject appellant's contention that the decision by the hearing officer violated his due process rights under Avant, 67 N.J. at 525-33. Appellant was given notice of the charges and a hearing before an impartial tribunal, where he declined the opportunity to call or cross-examine witnesses. The report indicates that the counsel substitute reviewed the videotape, but that appellant declined to do so.

For the first time, appellant argues he was not given the opportunity to review the videotape.[2] Even if that were so, there was no prejudice to appellant. Appellant was present at the fight. He had the ability to describe his version of

---

[2] We could decline to consider this question because of this procedural deficiency. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

the events. He does not dispute that his counsel substitute and the hearing officer reviewed the videotape. The hearing officer found appellant had the ability to retreat and did not. Appellant says as much in his brief when he described that once the other inmate "released his grip," appellant "stepped up to him proactively defending myself from the impending onslaught." This is consistent with the hearing officer's finding appellant had the ability to stop fighting, but did not. Appellant describes his actions as self-defense. His counsel substitute made this argument to the hearing officer, but it was rejected. There was no violation of due process under Avant on these facts.

There was substantial evidence in the record to support the agency's decision based on the reports and evidence submitted at the hearing; the agency decision was not arbitrary, capricious or unreasonable. All of this supported the hearing officer's finding that appellant had opportunities to retreat but did not. The fight caused code 33 to be called and the procedures to be followed disrupted the normal function of the prison.

We conclude that appellant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2644-18T3